**Nos. 25-2162 & 25-2357**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

---

Mahmoud KHALIL,

*Petitioner–Appellee,*

Donald J. TRUMP, in his official capacity as President of the United States;
William P. JOYCE, in his official capacity as Acting Field Office Director of
New York, Immigration and Customs Enforcement; Yolanda PITTMAN, in
her official capacity as Warden of Elizabeth Contract Detention Facility;
Todd LYONS, in his official capacity as Acting Director of Immigration and
Customs Enforcement; Markwayne MULLIN, in his official capacity as
Secretary of the Department of Homeland Security; Marco RUBIO, in his
official capacity as Secretary of State; and Todd BLANCHE, in his official
capacity as Acting Attorney General of the Department of Justice,

*Respondents–Appellants.*

---

**PETITIONER–APPELLEE'S REPLY IN FURTHER SUPPORT OF HIS
MOTION TO STAY THE ISSUANCE OF THE MANDATE PENDING THE
FILING AND DISPOSITION OF A PETITION FOR CERTIORARI TO THE
UNITED STATES SUPREME COURT**

---

Petitioner–Appellee Mahmoud Khalil writes to make five points in
response to the government's opposition.

First, the only argument the government makes in support of its own
irreparable harm from a stay is to point to a general public interest in the

1

enforcement of the immigration laws. Gov't Opp. 13. But there is no public interest in a wrongful and unlawful use of those laws—the very question that this case raises.

Second, the government's arguments against the irreparable harm that Mr. Khalil would suffer from re-detention are weak. *See* Per Curiam Order (Case No. 25-2162) (Dkt. No. 41) (denying stay of bail order because the government had "not demonstrated irreparable harm" from being unable to detain Mr. Khalil during the pendency of his appeal). As Mr. Khalil has emphasized, his *detention* claims, including his distinct Fifth Amendment claim, will never be reviewed on a Petition for Review ("PFR"), and any detention later found unlawful can never be remedied. *See* PFREB 24-25. The government asserts that any re-detention is of his own making because he could simply leave the country "voluntarily," Gov't Opp. 12, but that is a tactical argument putting Mr. Khalil to an impossible choice, because were he to do so, the government would surely argue that he mooted the very action over which he intends to seek Supreme Court review. The government also minimizes the harms from re-detention that would flow from family separation, *id.* at 11, but it does not (and has never) disputed the district court's findings that Mr. Khalil's detention serves no legitimate purpose at all

because he is not a danger or flight risk, JA367-72—precisely the type of family burden from "unnecessary detention" that is relevant to irreparable harm, *Hernandez v. Sessions*, 872 F.3d 976, 996 (9th Cir. 2017). And while the government insists Mr. Khalil can speak freely from abroad, Gov't Opp. 12, he cannot do so from detention—and using the threat of detention to require self-deportation is contrary to the public interest and representative of the very chilling effect Mr. Khalil challenges in this case.

Third, the main thrust of the government's argument on irreparable harm is that he has somehow "intentionally and strategically refused to take steps to redress" the harm by not accelerating the statutory timeline for filing a Petition for Review and by failing to seek a stay of removal in the Fifth Circuit. Gov't Opp. 12. The government's argument confuses the harms at stake and ignores the Fifth Circuit's process for adjudicating such motions. A stay of removal, even if it were granted by the Fifth Circuit, is not a stay of detention. Moreover, the Fifth Circuit will not address a motion to stay removal on an emergency basis *until a petitioner is already in detention*—the very harm he seeks to prevent in this motion—and a deportation date has been set. *See* Fifth Cir. R. 27.3.1. And with respect to the timeline at the Fifth Circuit, the government itself has not filed the administrative record in that

court (and has until June 23 to do so), and that court will not issue a briefing schedule on Mr. Khalil's PFR until that is done—meaning the government, far more than Mr. Khalil, controls the timing of that litigation. *See* Fifth Cir. R. 17; Petition for Review, *Khalil v. Blanche,* Case No. 26-60344 (Dkt. No. 1) (setting government's deadline to file Administrative Record for June 23, 2026). It is not Mr. Khalil, whom the government detained and transferred more than a thousand miles away from his family and home to a remote detention center in the Fifth Circuit, who is manipulating the legal system or forum-shopping. Op. 4-5.

Fourth, on the merits, the government says Mr. Khalil merely "rehashes" his arguments in favor of en banc review. Gov't Opp. 1. Well, of course he does. What the government's point entirely misses is that this Court does not decide a motion to stay the mandate on the same grounds on which it decides an appeal or whether en banc review is appropriate. Instead, it decides such a motion on a standard of "substantial questions," including a "reasonable probability" for certiorari and "a reasonable possibility" of reversal. *Nara v. Frank,* 494 F.3d 1132, 1133 (3d Cir. 2007). Whether or not the panel is correct (and it divided 2-1), and whether or not the full Court erred in declining en banc review (by a vote of 6-5), there is certainly a reasonable potential that

4

the Supreme Court will disagree, or at a minimum, grant review of this Court's decision.[1]

Fifth and finally, the government does not address Mr. Khalil's request for an administrative stay to allow him to seek Supreme Court review of any denial of a stay from this Court, but there is no harm at all to the government—which itself sought a two-week extension in opposing en banc review, Gov't Mot. for Extension of Time to File Resp. to En Banc Pet. 3 (Dkt. No. 149) (emphasizing lack of harm from additional delay of appellate proceedings)—from allowing Mr. Khalil to seek Supreme Court relief on a non-emergency timeline that is more than several days.

*   *   *

The Court should, pursuant to Federal Rule of Appellate Procedure 41(d), stay the mandate in this appeal pending the filing and disposition of a petition for certiorari to the U.S. Supreme Court. If the Court does not stay

---

[1] The government minimizes the circuit split between the panel opinion and the decisions in *Özturk*, *Mahdawi*, and *Suri* because they came on motions for stay pending appeal, Gov't Opp. 8, but both circuits are primed for decisions on the merits appeals in those cases, and just as the panel divided 2-1 and the en banc court divided 6-5, it is foreseeable that at least one of those two courts might agree with the dissenting judge here. Whoever is ultimately correct, in the last 15 months and regardless of posture, *more* judges have agreed with Mr. Khalil's position than the government's across all of these cases.

the mandate for this period, the Court should issue an administrative stay of the mandate for 30 days to permit Mr. Khalil to seek the same relief in the Supreme Court prior to the issuance of the mandate.

Dated: May 26, 2026                         /s/ Brett Max Kaufman

AMERICAN CIVIL LIBERTIES UNION OF          CENTER FOR CONSTITUTIONAL RIGHTS
NEW JERSEY FOUNDATION                       Baher Azmy
Jeanne LoCicero                             Samah Sisay
Farrin R. Anello                            Diala Shamas
Molly K.C. Linhorst                         666 Broadway, 7th Floor
Liza Weisberg                               New York, NY 10012
570 Broad Street, 11th Floor                Tel: (212) 614-6464
Newark, New Jersey 07102
Tel: (973) 854-1715                         CLEAR PROJECT
                                            MAIN STREET LEGAL SERVICES, INC.
NEW YORK CIVIL LIBERTIES UNION              Naz Ahmad
FOUNDATION                                  Mudassar Hayat Toppa
Amy Belsher                                 Shezza Abboushi Dallal
Robert Hodgson                              CUNY School of Law
Veronica Salama                             2 Court Square
Molly Biklen                                Long Island City, NY 11101
125 Broad Street, 19th Floor                Tel: (718) 340-4558
New York, N.Y. 10004
Tel: (212) 607-3300                         WASHINGTON SQUARE LEGAL SERVICES,
                                            INC.
AMERICAN CIVIL LIBERTIES UNION              Alina Das
FOUNDATION                                  Kyle Barron
Omar Jadwat                                 Immigrant Rights Clinic
Noor Zafar                                  245 Sullivan Street, 5th Floor
Michael K.T. Tan                            New York, New York 10012
Sidra Mahfooz                               Tel: (212) 998-6430
Brian Hauss

6

Esha Bhandari
Brett Max Kaufman
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

DRATEL & LEWIS
Amy E. Greer
29 Broadway, Suite 1412
New York, NY 10006
Tel: (212) 732-8805

VAN DER HOUT LLP
Marc Van Der Hout
Johnny Sinodis
Oona Cahill
360 Post St., Suite 800
San Francisco, CA 94108
Tel: (415) 981-3000

*Counsel for Petitioner–Appellee*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2026, I electronically filed the foregoing document with the Clerk of the United States Court of Appeals for the Third Circuit by using the CM/ECF system. All counsel of record in this case are registered CM/ECF users.

*/s/ Brett Max Kaufman*
Brett Max Kaufman
*Counsel for Petitioner–Appellee*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,544 words, and it complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word's 14-point Charter typeface.

/s/ Brett Max Kaufman
Brett Max Kaufman
*Counsel for Petitioner–Appellee*